```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/8/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MICHAEL SAWICKI,                                                       :
:
                            Plaintiff,                                  :
:     21-cv-2093 (LJL)
    -v-                                                                :
:     ORDER
COMISSIONER OF SOCIAL SECURITY,                                        :
:
                            Defendant.                                   :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On March 21, 2022, counsel for defendant Commissioner of Social Security informed the Court that Plaintiff Michael Sawicki, who was proceeding without counsel, passed away on November 21, 2021.  *See* Dkt. No. 13.  Defense counsel also requested a *nunc pro tunc* extension of the Commissioner's time to file her motion for judgment on the pleadings, which was due in December 2021.  *See id.*

      On March 31, 2022, the Court ordered Defendant to mail a Statement of Death to Mr. Sawicki's last known address and file a proof of service with the Court.  Dkt. No. 14.  In that Order, the Court also noted that a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a) must be filed within ninety days of service of the Statement of Death "by any party or by [Mr. Sawicki's] successor or representative."  F. R. Civ. P. 25(a)(1); *see also* Dkt. No. 14.

      On June 16, 2022, Plaintiff Michael Sawicki's wife Laurien Sawicki filed a notice of motion to substitute herself as the plaintiff following Mr. Sawicki's death.  Dkt. No. 17.  There has been no opposition to the motion filed.  However, the motion does not provide any information from which the Court could conclude that Mrs. Sawicki is Mr. Sawicki's successor or representative and is thus a proper party to be substituted.  *See Bruccoleri v. Gangemi*, 2019 WL 499769, at *8 (E.D.N.Y. Feb. 8, 2019) (reserving decision on substitution motion where record did not indicate "who, if anyone, [deceased defendant] named as the executor of his estate").  "[C]ourts have 'generally held that a "proper party" must be (1) a representative lawfully designated by a state authority to represent the decedent's estate, (2) the *primary* beneficiary of an *already distributed* estate, (3) the person named in a will as the executor of the decedent's estate, even if the will is not probated, or (4) the *primary* beneficiary of an unprobated intestate estate which need not be probated.'"  *Grant v. Witherspoon*, 2020 WL 71052, at *3 (S.D.N.Y. Jan. 3, 2020) (quoting *Bruccoleri*, 2019 WL 499769, at *7); *see also Abdou v. Mahany*, 2022 WL 1443318, at *2 (S.D.N.Y. May 6, 2022) (holding that executrix of an undistributed estate is a proper party); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp.

---

713, 716 (S.D.N.Y. 1993) (holding that primary distributee of distributed estate is a proper party).  The motion does not state that Mrs. Sawicki belongs to any of these categories.

The Court will reserve decision on Mrs. Sawicki's motion to substitute to provide her the opportunity to supplement the motion with evidence from which the Court could conclude that she is a proper party.  Mrs. Sawicki shall file such evidence by August 5, 2022.

Defendant is directed to mail a copy of this Order to Laurien Sawicki at the address provided in her motion to substitute at Dkt. No. 17 and to file proof of service on the docket.

SO ORDERED.

Dated: July 8, 2022
       New York, New York

LEWIS J. LIMAN
United States District Judge